# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

FANEST VILSAINT,

    Petitioner,

-vs-                                              Case No. 8:09-cv-1213-T-30EAJ

ERIC H. HOLDER, JR.,
ATTORNEY GENERAL OF THE
UNITED STATES, et al.,

    Respondents.
_____/

## ORDER

This matter is before the Court upon a *sua sponte* review of the file. The Court's September 1, 2009 Order directing Petitioner to either pay the filing fee in this action, or submit an Affidavit of Indigency (See Dkt. 4) was returned to this Court on September 14, 2009, as "Undeliverable. Released or Transferred." Because the relief Petitioner sought in his petition was to be free from indefinite detention pending his repatriation, if he has been released from custody his petition is now moot. If Petitioner has been transferred, his petition is subject to dismissal for his failure to keep the Court apprised of his current address. Accordingly, upon consideration of the alternatives that are available to the Court, this action should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because the Court has no means by which to contact Petitioner and no other lesser sanction will suffice. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)

(interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution).

Accordingly, the Court **ORDERS** that:

1. Petitioner's petition (Dkt. 1) is **DISMISSED** without prejudice. The Clerk of the Court shall terminate any pending motions and close this case.

2. If Petitioner can show that he is still in custody pending his repatriation, the Court will entertain a motion to reopen this case if Petitioner files the motion **on or before October 6, 2009**.

**DONE** and **ORDERED** in Tampa, Florida on September 16, 2009.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner *pro se*